. MATTER OF FU

In Deportation Proceedings

A-11013478

*Decided by Board December 19, 1966*

Since respondent, who entered the United States as an exchange visitor prior
to June 4, 1956 and who was never thereafter granted an extension of stay
as an exchange visitor, is not subject to the provisions of section 212(e),
Immigration and Nationality Act, as amended (22 CFR 42.91(c)), she is not
precluded from establishing statutory eligibility for adjustment of status
under section 245 of the Act, as amended; therefore, motion is granted to
reopen deportation proceedings to permit application for such relief.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmi-
grant—Remained longer.

The respondent, a native and citizen of China, appeals from an
order entered by the special inquiry officer on September 7, 1966,
denying a motion to reopen the proceeding to permit application for
relief under section 245 of the Immigration and Nationality Act
(8 U.S.C. 1255). The Immigration Service does not oppose the
motion.

The respondent is a female alien, 63 years of age, who last entered
the United States at the port of Rouses Point, New York on July
28, 1953. She was then admitted as an exchange visitor until Octo-
ber 27, 1953 under a fellowship to the United Nations. Her appli-
cation for further extension of stay was denied on May 24, 1954. A
warrant for her deportation was issued on April 13, 1959 and is
outstanding.

A petition for a preference classification under section 203(a)(2)
of the Immigration and Nationality Act was approved by the Immi-
gration Service on July 13, 1962. Counsel maintains that a change
of status under section 245 of the Immigration and Nationality Act
is not barred to the respondent by section 42.91(c) of Title 22 of the
Code of Federal Regulations since the respondent entered the United

States as an exchange visitor prior to June 4, 1956 and was thereafter never granted an extension of stay as an exchange visitor. Counsel maintains that there is precedent for adjusting the status of an alien in the same position as that of the respondent.

The special inquiry officer denied the motion on the ground that the respondent is barred from relief by reason of section 212(e) of the Immigration and Nationality Act since she is an exchange visitor who has not been shown to have received a waiver of or to have complied with the two-year foreign residence required by law.

We have carefully reviewed the provisions of 22 CFR 42.91(c). It relates to "an alien who was admitted into the United States as an exchange visitor subsequent to June 4, 1956, or who otherwise acquired the status of an exchange visitor subsequent to June 4, 1956, including an alien granted an extension of the period of his temporary admission subsequent to September 20, 1956 . . ." Such an alien "shall not be eligible to apply for and receive an immigrant visa . . ." unless he meets the waiver requirements of section 212(e) of the Immigration and Nationality Act. Since the respondent entered the United States as an exchange visitor prior to June 4, 1956 and it is alleged that she has never been granted an extension of her temporary admission as an exchange visitor, we will order the hearing reopened to permit application for relief under section 245 of the Immigration and Nationality Act, as amended. An appropriate order will be entered.

**ORDER:** It is directed that the proceeding be reopened to permit application for an adjustment of status under section 245 of the Immigration and Nationality Act.

*It is further ordered* that if the special inquiry officer grants discretionary relief under section 245 of the Immigration and Nationality Act, the outstanding order and warrant of deportation be withdrawn.